**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-60493-BLOOM/Valle**

WHIRLPOOL CORPORATION,
WHIRLPOOL PROPERTIES, INC.,
and MAYTAG PROPERTIES, LLC,

        Plaintiffs,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

        Defendants.
_____/

**ORDER ON MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiffs' Whirlpool Corporation, Whirlpool Properties, Inc., and Maytag Properties, LLC (collectively "Plaintiffs"), Motion for Entry of Final Default Judgment Against Defendants, ECF No. [32] ("Motion"), filed on May 5, 2021. A Clerk's Default was entered against Defendants on April 20, 2021, ECF No. [30], as Defendants failed to appear, answer, or otherwise plead to the Amended Complaint, ECF No. [15], despite having been served. *See* ECF No. [22]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiffs' Motion is **GRANTED**.

**I. INTRODUCTION**

Plaintiffs sued Defendants for trademark counterfeiting and infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common-law unfair competition; and common law trademark infringement. The

Amended Complaint alleges that Defendants are promoting, advertising, distributing, offering for sale and selling goods bearing and/or using counterfeits and confusingly similar imitations of Plaintiffs' respective registered trademarks within the Southern District of Florida by operating Internet based e-commerce stores under the seller identification names set forth on Schedule "A" attached to Plaintiffs' Motion for Entry of Final Default Judgment (the "Seller IDs"). *See* ECF No. [32] at 16-17.

Plaintiffs further assert that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiffs because Defendants have (1) deprived Plaintiffs of their rights to determine the manner in which their trademarks are presented to the public through merchandising; (2) defrauded the public into thinking Defendants' goods are goods authorized by Plaintiffs; (3) deceived the public as to Plaintiffs' association with Defendants' goods and the websites that market and sell the goods; and (4) wrongfully traded and capitalized on Plaintiffs' respective reputations and goodwill, as well as the commercial value of Plaintiffs' respective trademarks.

In their Motion, Plaintiffs seek the entry of default final judgment against Defendants[1] in an action alleging trademark counterfeiting and infringement, false designation of origin, common-law unfair competition, and common law trademark infringement. Plaintiffs further request that the Court (1) enjoin Defendants from producing or selling goods that infringe their trademarks; (2) permanently remove the listings and associated images of goods bearing Plaintiffs' trademarks used by Defendants via the Seller IDs; (3) require the surrender of Defendants' goods bearing Plaintiffs' trademarks to Plaintiffs; and (4) award statutory damages.

---

[1] Defendants are the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" of Plaintiffs' Motion, and Schedule "A" of this Order. *See* ECF No. [32] at 16-17.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.*; *see also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default."). Upon a review of Plaintiffs' submissions, it appears there is a sufficient basis in the pleading for the default judgment to be entered in favor of Plaintiffs.

## II. FACTUAL BACKGROUND[2]

Plaintiff, Whirlpool Properties, Inc., is the registered owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Whirlpool Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| KITCHENAID | 2,520,284 | December 18, 2001 | IC 037 – installation, repair and maintenance of hand and stand electric beating and mixing machines, coffee making machines, toasters, food processors, blenders, clothes washing and drying machines, dishwashers, refrigerators, |

---

[2] The factual background is taken from Plaintiffs' Amended Complaint, ECF No. [15], Plaintiffs' Motion for Entry of Final Default Judgment Against Defendants, ECF No. [32], and supporting evidentiary submissions.

3

| | | | |
|---|---|---|---|
| | | | freezers, combination refrigerator/freezers, ranges, ovens and surface units, microwave ovens, cooktops, exhaust hoods, ventilating fans, air conditioners, dehumidifiers, wine cellars, water supply units for dispensing cold water and ice from refrigerators, food waste disposers, food waste and trash compactors, ice makers, electrically operated hot water dispensers, and compressors for refrigerators. |
| KitchenAid | 2,520,285 | December 18, 2001 | IC 037 – installation, repair and maintenance of hand and stand electric beating and mixing machines, coffee making machines, toasters, food processors, blenders, clothes washing and drying machines, dishwashers, refrigerators, freezers, combination refrigerator/freezers, ranges, ovens and surface units, microwave ovens, cooktops, exhaust hoods, ventilating fans, air conditioners, dehumidifiers, wine cellars, water supply units for dispensing cold water and ice from refrigerators, food waste disposers, food waste and trash compactors, ice makers, electrically operated hot water dispensers, and compressors for refrigerators. |
| WHIRLPOOL | 4,983,312 | June 21, 2016 | IC 011 – water filtration and purification units and replacement cartridges and filters therefor for refrigerators. |
| EVERYDROP | 5,232,741 | June 27, 2017 | IC 011 – refrigerator water filters; water filtration pitchers sold empty and portable water filter bottles sold empty. |
| Whirlpool | 5,921,312 | November 26, 2019 | IC 011 – heating, cooling and ventilating apparatus, namely, furnaces, gas water heaters, conversion burners, heat pumps, air conditioning units, condensing units, evaporator units, evaporator coils, central humidifiers, central air |

| | | | |
|---|---|---|---|
| | | | cleaners, furnace boilers and heat exchangers; Clothes drying machines; Refrigerators, freezers, combination refrigerator-freezers; Water softening apparatus and installations, air conditioners, dehumidifiers, cooking ovens, cooking ranges, gas and electric cooktops, microwave ovens for cooking and range exhaust hoods; Freezer chests; Water purification and delivery systems comprising standalone water cabinets; Built-in bottled water dispensing apparatus for hot or chilled water; Domestic water filtration units; Reverse osmosis units for purification of water; Appliances for domestic and commercial use, namely, combination garment wrinkle and odor remover and garment dryer; Apparatus and appliances for domestic use, namely, air purifying units, air filters; Gas and electric water heaters; Water conditioning units, water softening apparatus and installations, water coolers, water chillers, countertop water filtration devices, home water filtration devices and water faucet filters; Refrigerator water filters. |

*See* Declaration of Patrick Hall, ECF No. [6-1] at 6; ECF No. [15-1] (containing Certificates of Registrations of the Whirlpool Marks at issue.) The Whirlpool Marks are used in connection with the manufacture and distribution of quality goods in the categories identified above. *See* Declaration of Patrick Hall, ECF No. [6-1] at 6.

Plaintiff, Maytag Properties, LLC, is the registered owner of the following trademark, which is valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Maytag Mark"):

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| MAYTAG | 5,777,058 | June 11, 2019 | IC 011 – water treatment equipment, namely, water filtration units and reverse osmosis units; water softening apparatus and installations; water purification and filtration apparatus and replacement cartridges and filters therefor. |

*See* Declaration of Patrick Hall, ECF No. [6-1] at 13; ECF No. [15-2] (containing Certificate of Registration for the Maytag Mark at issue.) The Maytag Mark is used in connection with the manufacture and distribution of quality goods in the categories identified above. *See* Declaration of Patrick Hall, ECF No. [6-1] at 13.

Defendants, by operating Internet based e-commerce stores under Defendants' respective seller identification names identified on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiffs have determined to be counterfeits, infringements, reproductions or colorable imitations of the Whirlpool Marks and/or Maytag Mark (collectively "Plaintiffs' Marks"). *See* Declaration of Patrick Hall, ECF No. [6-1] at 20-24; Declaration of T. Raquel Wiborg-Rodriguez, ECF No. [6-2] at 2; Declaration of Kathleen Burns, ECF No. [6-3] at 4-7.

Although each Defendant may not copy and infringe each of Plaintiffs' Marks for each category of goods protected, Plaintiffs have submitted sufficient evidence showing each Defendant has infringed, at least, one or more of Plaintiffs' Marks. *See* Declaration of Patrick Hall, ECF No. [6-1] at 20-24. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of Plaintiffs' Marks. *See* Declaration of Patrick Hall, ECF No. [6-1] at 11, 18, 23-24.

Plaintiffs' counsel retained Invisible Inc ("Invisible"), a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Plaintiffs' branded products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Plaintiffs' branded products. *See* Declaration of Patrick Hall, ECF No. [6-1] at 21; Declaration of T. Raquel Wiborg-Rodriguez, ECF No. [6-2] at 2; Declaration of Kathleen Burns, ECF No. [6-3] at 3. Invisible accessed the Internet based e-commerce stores operating under the Seller IDs and placed orders from each Defendant for the purchase of various products, all bearing[3] counterfeits of, at least, one of Plaintiffs' trademarks at issue in this action, and requested each product to be shipped to Invisible's address in the Southern District of Florida. *See* Declaration of Kathleen Burns, ECF No. [6-3] at 4. Each order was processed entirely online, and following the submission of the orders, Invisible finalized payment for the various products ordered via Defendants' respective payment accounts[4] and/or payee,[5]

---

[3] Certain Defendants blurred-out and/or physically altered the images of Plaintiffs' Marks on the product being offered for sale via its e-commerce store. The product Invisible received from these Defendants bears Plaintiffs' Marks in their entirety. *See* Declaration of Kathleen Burns, ECF No. [6-3] at 4 n.1.

[4] Defendant Numbers 1–17, 19–24, 26–41, 43–44, and 46–64 operate via the non-party Internet marketplace platform eBay.com, and use money transfer and retention services with PayPal, Inc. ("PayPal"). *See* Declaration of Kathleen Burns, ECF No. [6-3] at 4 n.3; Declaration of T. Raquel Wiborg-Rodriguez, ECF No. [6-2] at 4.

[5] Defendant Numbers 18 and 45 operate via the non-party Internet marketplace platform, AliExpress.com, and have their payments processed on their behalf using Alipay. Additionally, Defendant Number 45 has its payments processed on its behalf using PayPal, identifying the payee Alipay Singapore E-Commerce, which is the aggregate PayPal account for purchases made via PayPal on AliExpress.com. Defendant Numbers 25 and 42 operate via the non-party e-commerce marketplace platform, Wish.com ("Wish"), which is operated by ContextLogic Inc. ("ContextLogic"). The payee for the orders placed on Wish.com identifies "PayPal *Wish," which is the aggregate PayPal account for purchases made via Wish.com. As such, Defendants' payment information is not publicly disclosed. However, because these financial entities accept and/or process payments on behalf of the individual merchants operating on their respective platforms, the financial entities can tie a particular Seller ID, merchant identification number, and/or store number to a reported transaction and identify the merchant's funds held in sub-accounts within their respective account. *See* Declaration of Kathleen Burns, ECF No. [6-3] at 4 n.3; Declaration of T. Raquel Wiborg-Rodriguez, ECF No. [6-2] at 5-6.

which are identified on Schedule "A" hereto. *See id.* Based upon the shipping origin information, most of the packages utilized and/or originated from a domestic fulfillment center, e-commerce shipping partner, warehouse, and/or storage facility during the shipping process. *See* Declaration of T. Raquel Wiborg-Rodriguez, ECF No. [6-2] at 2. The goods bearing at least one of Plaintiffs' Marks that were purchased and received[6] by Invisible from Defendants via their Seller IDs were transmitted to Plaintiffs' representative for analysis, together with an appropriate Chain of Custody. *See* Declaration of Patrick Hall, ECF No. [6-1] at 22; Declaration of Kathleen Burns, ECF No. [6-3] at 5.

Plaintiffs' representative reviewed and visually inspected the goods[7] Invisible purchased and received from Defendants through Internet based e-commerce stores operating under their respective Sellers IDs, and determined the products were not genuine versions of Plaintiffs' goods. *See* Declaration of Patrick Hall, ECF No. [6-1] at 23-24.

### III. ANALYSIS

#### A. Claims

##### 1. *Trademark Counterfeiting and Infringement Under 15 U.S.C. § 1114 (Count I)*

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. In order to prevail on their

---

[6] Invisible has yet to receive the product it purchased from Defendant Number 64's alias Seller ID, hawhi_50. *See* Declaration of Kathleen Burns, ECF No. [6-3] at 4 n.4.

[7] Plaintiffs' representative reviewed the detailed web page captures of the product purchased from the e-commerce store operating under the Seller ID, hawhi_50. Declaration of Patrick Hall, ECF No. [6-1] at 23 n.1.

trademark infringement claim under Section 32 of the Lanham Act, Plaintiffs must demonstrate that (1) they had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same, or confusingly similar to Plaintiffs' trademark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

### 2. *False Designation of Origin Under 15 U.S.C. § 1125(a) (Count II)*

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiffs must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval, of Defendants' goods by Plaintiffs. *See* 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 780 (1992).

### 3. *Common-Law Unfair Competition and Trademark Infringement (Counts III and IV)*

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester*, No. 83-8381-CIV, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1987) ("The appropriate test for determining whether there is a likelihood of confusion, and thus trademark infringement, false designation of origin, and unfair competition under the common law of Florida, is set forth in *John H. Harland,*

*Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983.)."); *see also Boston Prof'l Hockey Ass'n, Inc. v. Dall. Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1010 (5th Cir. 1975) ("As a general rule . . . the same facts which would support an action for trademark infringement would also support an action for unfair competition.").

The analysis of liability for Florida common law trademark infringement is the same as the analysis of liability for trademark infringement under § 32(a) of the Lanham Act. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217-18 (S.D. Fla. 2004).

### B. Liability

The well-pled factual allegations of Plaintiffs' Amended Complaint properly allege the elements for each of the claims described above. *See* ECF No. [15]. Moreover, the factual allegations in Plaintiffs' Amended Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Amended Complaint. Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### C. Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See, e.g.*, *PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defendants' failure to

respond or otherwise appear in this action makes it difficult for Plaintiffs to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.")

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiffs have carried their burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiffs' Amended Complaint alleges that Defendants' unlawful actions have caused Plaintiffs irreparable injury and will continue to do so if Defendants are not permanently enjoined. *See* ECF No. [15]. Further, the Amended Complaint alleges, and the submissions by Plaintiffs show, that the goods promoted, advertised, offered for sale, and sold by Defendants are nearly identical to Plaintiffs' genuine products. *See id*. "The net effect of Defendants' actions is likely to cause confusion of consumers who will believe all of Defendants' goods offered for sale in Defendants' ecommerce stores are genuine goods originating from, associated with, and/or approved by Plaintiffs." *See* ECF No. [15] at 12.

Plaintiffs have no adequate remedy at law so long as Defendants continue to operate the Seller IDs because Plaintiffs cannot control the quality of what appears to be their products in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiffs' respective reputations and goodwill that will result if Defendants' infringing and counterfeiting actions are allowed to continue. Moreover, Plaintiffs face hardship from loss of sales and their inability to control their reputations in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiffs' trademarks, which is an illegal act.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' products. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defendants have created an Internet-based counterfeiting scheme in which they are profiting from their deliberate misappropriation of Plaintiffs' rights. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities by requiring their listings and associated images be removed and the goods of each

Defendant bearing one or more of Plaintiffs' trademarks be surrendered to further prevent the use of these instrumentalities of infringement.

### D. Statutory Damages for the Use of Counterfeit Marks

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiffs have elected to recover an award of statutory damages as to Count I of the Amended Complaint.

The Court has wide discretion to determine the amount of statutory damages. *See PetMed Express, Inc.,* 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV, 2014 WL 1652044, at *7 (S.D. Fla. Apr. 23, 2014) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.")); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.*, No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Indeed, Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177,

pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). Although the Court is permitted to conduct a hearing on a default judgment in regards to damages pursuant to Federal Rule of Civil Procedure 55(b)(2)(B), an evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing).

Here, the allegations in the Amended Complaint, which are taken as true, clearly establish Defendants intentionally copied Plaintiffs' Marks for the purpose of deriving the benefit of Plaintiffs' famous respective reputations. As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of good as statutory damages to ensure that Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that each Defendant promoted, distributed, advertised, offered for sale, and/or sold at least one (1) type of good under at least two (2) types of marks which were in fact counterfeits of at least one of Plaintiffs' Marks. *See* ECF No. [15]. Based on the above considerations, Plaintiffs suggest the Court award statutory damages of five hundred

thousand dollars ($500,000.00) per mark, per type of good. As each Defendant used at least two counterfeit marks on one type of good, Plaintiffs suggest the Court award statutory damages of $1,000,000.00 against each Defendant. The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiffs' trademarks, compensate Plaintiffs, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c). The Court finds that this award of statutory damages falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.

### E. Damages for False Designation of Origin

Plaintiffs' Amended Complaint also sets forth a cause of action for false designation of origin pursuant to § 43(a) of the Lanham Act (Count II). *See* 15 U.S.C. § 1125(a). As to Count II, the allowed scope of monetary damages is also encompassed in 15 U.S.C. § 1117(c). Accordingly, judgment on Count II is limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

### F. Damages for Common Law Unfair Competition and Trademark Infringement

Plaintiffs' Amended Complaint further sets forth a cause of action under Florida's common law of unfair competition (Count III) and trademark infringement (Count IV). Judgment on Count III and Count IV are also limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [32],** is **GRANTED** against those Defendants listed in the attached Schedule "A." Final Default Judgment will be entered by separate order.

Case No. 21-cv-60493-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, May 6, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Case No. 21-cv-60493-BLOOM/Valle

## SCHEDULE A:
## DEFENDANTS BY NUMBER, SELLER ID, AND
## RESPECTIVE FINANCIAL ACCOUNT

| Def. No. | Defendant / Seller ID | Financial Account Information / Store Number | Infringing Product Number |
|---|---|---|---|
| 1 | criquin_12 | labrindle@outlook.com | |
| 2 | kathphe_76 | ecolbrea@yahoo.com | |
| 3 | daabra_2441 | davidabramson684@yahoo.com | |
| 4 | dress37 | dresstangs@gmail.com | |
| 5 | riclan83 | richardlandon914@yahoo.com | |
| 6 | voya817 | voyaberg@gmail.com | |
| 7 | wows_5863 | wowsherd@gmail.com | |
| 8 | dakok97 | Maxips@yahoo.com | |
| 9 | deadega0 | Pattygrinder@hotmail.com | |
| 10 | keengel2345 | Marcsflea@gmail.com | |
| 11 | prin-9599 | prinhera@yahoo.com | |
| 12 | shun_6873 | Shunsurt@hotmail.com | |
| 13 | wellg_79 | Geheidbdidhe10@gmail.com | |
| 14 | aunwic0 | gambitesco@yahoo.com | |
| 15 | smart-5331 | smarttleysd@gmail.com | |
| 16 | mabla1047 | mariablanco232@aol.com | |
| 17 | lab-271 | Wschensn7neng@hotmail.com | |
| 18 | Shop5257090 Store | 5257090 | 4000174902263 |
| 19 | 97k-cube | pp.xjh8@hotmail.com | |
| 20 | trabroth_23 | kulonembong1@gmail.com | |
| 21 | 518chakesi | dong1994yi@outlook.com | |
| 22 | huayunjiaoyu | juleidy4107@163.com | |
| 23 | irenestor65 | Mrdaih68hao@hotmail.com | |
| 24 | danigo-4392 | chengweiqi2020@163.com | |
| 25 | zhumeiling | 5a7c04af417cee603ac99bd2 | 5e8588a7093e6b10c129bc08 |
| 26 | aleeya_19 | Thfan7aj8wu9@hotmail.com | |
| 27 | jozach45 | Mrguzyou98z@hotmail.com | |
| 28 | mariahgofil | meizhen1231xie@hotmail.com | |
| 29 | matthew-pope | vhsqpnyjihs@gmail.com | |
| 30 | mylesdeb_67 | zhe933zhongmr@hotmail.com | |
| 31 | stetlerstef_13 | Wsheda88mi@hotmail.com | |
| 32 | macha_2268 | kuyuuuxixoaaljkjm@outlook.com | |
| 33 | nancyb9863 | Yanjpppjsdccx@outlook.com | |
| 34 | nichro-4155 | HuujKU858Jnkl@outlook.com | |
| 35 | niruydfwesr32 | niruydfwesrbnfryu6r4598@gmail.com | |
| 36 | warrencl71 | luuuRINGH@outlook.com | |
| 37 | jose.agu_44 | uwuaoo01j8jdqa@gmail.com | |
| 38 | meganb-62 | meganbrewis05@gmail.com | |
| 39 | otsra_50 | otsranthfl@gmail.com | |

Case No. 21-cv-60493-BLOOM/Valle

| Def. No. | Defendant / Seller ID | Financial Account Information / Store Number | Infringing Product Number |
|---|---|---|---|
| 40 | dolmccle61 | Earfusi@hotmail.com | |
| 41 | insic-76 | kokutagi413@gmail.com | |
| 42 | xuninini | 5b977a2f063ce14991a745ce | 5ed719e1916933c86052f0e4 |
| 43 | qiantec | qiantecc@gmail.com | |
| 44 | bratb4190 | brookeshelton1971@gmail.com | |
| 45 | Shop910563236 Store | 910563236 | 1005001464961451 |
| 46 | seedekez | algraouf7@gmail.com | |
| 47 | rearrange518 | peacesl@163.com | |
| 48 | vicselv0 | tjdslmx183@163.com | |
| 49 | pamur-8881 | tjdshb183@163.com | |
| 49 | brast_7625 | tjdshb183@163.com | |
| 50 | andkis65 | tjdsql193@163.com | |
| 51 | chrivang84 | a17104420713@163.com | |
| 52 | darobe440054 | daleroberson998@yahoo.com | |
| 53 | doupow-75 | tjdslh193@163.com | |
| 54 | incat-88 | incatechno@yahoo.com | |
| 55 | mcg_2100 | tjdsyjh173@163.com | |
| 56 | mdonal_1246 | mdonald19371@gmail.com | |
| 57 | micko-6335 | kohnm164@gmail.com | |
| 58 | phidan_3952 | dangelophilip990@yahoo.com | |
| 59 | ricfu_5842 | richardfuori@yahoo.com | |
| 60 | styl-7725 | jww8968@163.com | |
| 61 | wiibol_4 | Deluxedn@yahoo.com | |
| 62 | willong-9719 | tjdslsw321@163.com | |
| 63 | daga_8967 | LQ16520741546@163.com | |
| 64 | loxevery321 | LH16520744191@163.com | |
| 64 | hawhi_50 | LH16520744191@163.com | |